**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

UNITED STATES OF AMERICA          *

    v.                                            * Criminal No. SA:07-CR-549(1)OLG

GENE DALE GUERRERO                *

                   * * * * * * * * *

## MOTION TO SUPPRESS EVIDENCE AND
## ORAL STATEMENTS OF DEFENDANT

The Defendant, GENE DALE GUERRERO, by his attorney, Jay Moritz, moves this Honorable Court, pursuant to Rule 41 and Rule 12 of the Federal Rules of Criminal Procedure, 18 USCS § 3501, and the Fourth Amendment of the United States Constitution, to enter an Order suppressing all evidence seized by law enforcement officials during the arrest of GENE DALE GUERRERO and the search incident to that arrest on August 27, 2007, from the property located at the 11177 Hwy 181 S., San Antonio, Texas. As grounds for this Motion, the following is asserted:

1.   According to police reports, the Defendant, GENE DALE GUERRERO, was inside a building on property located at 11177 HWY 181 S., San Antonio, Texas on August 27, 2007.

2.   The police reports state that law enforcement officers received information from a credible and reliable informant that the defendant was in possession of narcotics at the location. Officers raided the location on August 27, 2007. Officers gained access to the property by breaking down the front gate to the property and subsequently entered the building occupied by the defendant. The defendant was arrested and during the arrest the

defendant sustained injuries and required treatment at a local hospital.

3. During the search of the building occupied by the defendant, officers allegedly found narcotics and other alleged illegal items.

4. Police reports from the incident establish that the officers did not have a valid a search warrant to enter and search the property occupied by the defendant. The officers did not have an arrest warrant to arrest the defendant at the property. As the result of this illegal arrest, search and seizure, incriminating evidence was obtained against the Defendant.

## CONTENTIONS IN SUPPORT OF MOTION

Defendant, by and through his attorney, moves the Court for an order suppressing any and all evidence obtained by law enforcement officials or anyone acting on their behalf, whether affiliated with federal or state agencies, by means of the arrest, search and seizure of the Defendant, at the property located at 11177 HWY 181 S., San Antonio, Texas on August 27, 2007.

1. The arrest, search or searches were made without a warrant.

2. The arrest, search or searches were made without probable cause, or reasonable suspicion and without the consent or permission of any person authorized to give such consent or permission.

3. Police officers illegally entered the property of the defendant or a third party to arrest the defendant. If police

believe that the person sought is in a third party's home, the officers must obtain a search warrant to lawfully enter that home, absent exigent circumstances. **Steagald v. U.S.,** 451 U.S. 204(1981) **Perez v. Simmons,** 884 F.2d 1136, 1141(9th Cir. 1989)(search warrant required to arrest person in home of third party because person merely spent occasional night in third party's home), amended by 900 F.2d 213(9th Cir. 1990). The Fourth Circuit has held that the warrantless entry of hotel room was invalid because the person who partially opened door to determine identity of officers attempted to close it. **U.S. v. McGraw**, 920 F.2d 224, 228(4th Cir. 1990) Two other Federal Courts have ruled that the warrantless entry of hotel room is per se unreasonable absent exigent circumstances. **U.S. v. Diaz**, 814 F.2d 454, 458(7th Cir. 1987), **U.S. v. Wicks**, 995 F.2d 964, 969(10th Cir. 1993)(same).

    4.  By reason of the above, such search or searches were in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

    5.  The initial arrest and seizure of the defendant was undertaken without an arrest warrant or search warrant and officers lacked probable cause or reasonable grounds to believe that the occupants of the property were committing, had committed or about to commit a crime, or that evidence of a crime was present on the property, or that the occupants were armed and dangerous. **Terry v. Ohio,** 392 U.S. 1(1968); **Illinois v. Gates,** 462 U.S. 648 (1983); **Michigan v. Long,** 463 U.S. 1032 (1983); **Delaware v. Prouse,** 440 U.S. 648 (1979). The Government cannot bear its

burden of proving the arrest, searches and seizures which followed were justified by any recognized exception to the warrant requirements of the Fourth Amendment. **Collidge v. New Hampshire,** 403 U.S. 443 (1971).

6. Any statements, admissions or confessions were obtained in violation of the Defendant's privilege against self-incrimination and his right to counsel, as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

7. Any statements, admissions or confessions were obtained in violation of the rights secured the Defendant by the Supreme Court's holding in **Miranda v. Arizona**, 384 U.S. 436 (1965).

8. Any statements, admissions or confessions made by the Defendant at the time of his arrest were involuntary.

9. The Defendant is entitled to a hearing on the voluntariness of any statements, admissions or confessions attributed to him, in accordance with the provisions of Title 18 U.S.C. § 3501 and the principles set forth in **United States v. Inman,** 352 F.2d 954 (4th Cir. 1965).

**DEFENDANT GENE DALE GUERRERO'S STATEMENTS TO GOVERNMENT AGENTS WERE NOT VOLUNTARY AND SHOULD BE SUPPRESSED.**

As stated in the facts, the Defendant GENE DALE GUERRERO allegedly gave incriminating statements to officers when in custody. A statement is not voluntary if it is made in response to threats or violence; direct or implied promises; or exertion of improper influence. **Malloy v. Hogan,** 378 U.S. 1 (1964). In addition there must be a causal link between some police misconduct and the Defendant's statement. **Colorado v. Connelly**,

479 U.S. 157 (1986).

Thus any coercion by police officers renders the statement involuntary and inadmissable. **Jackson v. Denno,** 378 U.S. 368, 84 S.Ct. 1774 (1964).

For the reasons stated above the Court should issue an order suppressing any and all statements, whether oral, recorded, or written, taken from defendant by any law enforcement officials, representatives of the United States Government, or anyone acting on their behalf, at any time during and following the Defendant's initial seizure by the officers on August 27, 2007 on the following grounds:

1. Such statement or statements were obtained in violation of defendant's privilege against self-incrimination and defendant's right to counsel, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

2. Such statements were fruits of an illegal search and seizure in violation of defendant's Fourth and Fourteenth Amendment rights and are inadmissable as fruits of the poisonous tree.

3. Defendant requests this Court issue an order to suppress all evidence found on the property located at 11177 HWY 181 S., San Antonio, Texas, as the result of the officer's illegal search and seizure.

4. The Defendant did not give consent to Officers enter and search the property at 11177 HWY 181 S., San Antonio, Texas.

5. Any statements made by the Defendant on or after the seizure of the building and property, its occupants and

possessions are fruit of the unlawful searches and seizures. **Wong Sun v. United States,** 371 U.S. 471 (1963); and in addition, any statements by the Defendant were involuntary and not made pursuant to a knowing and intentional waiver of his rights under the United States Constitution. **Miranda v. Arizona,** 384 U.S. 436 (1966). Any alleged consents to search were fruit of the prior illegal arrests and seizure of the Defendant and, therefore, were ineffective to justify the warrantless searches which followed. **Florida v. Royer,** 460 U.S. 491 (1983); **Wong Sun v. United States,** 371 U.S. 471, (1963).

6. The "plain view" doctrine is applicable because the incriminating character of anything the officers may claim to have seen was not immediately apparent before the officers had illegally entered the property. The officers were, by the time of any alleged "plain viewing", no longer in a place in which they had a right to be for plain view purposes. **Coolidge v. New Hampshire,** 403 U.S. 443 (1971); **Jones v. United States,** 391 A.2d 1188 (D.C. 1978).

7. The government cannot rely upon any other theory that the defendant's own conduct exposed incriminating evidence to the officers' view because any such conduct by the defendant was precipitated by the officers' own illegal seizures of the defendant, the building and its occupants and possessions. **Wong Sun v. United States,** 371 U.S. 471 (1963).

8. Any statements made by the defendant on or after the illegal arrest are the fruit of the unlawful searches and seizures. **Wong Sun v. United States,** 371 U.S. 471, (1963).

WHEREFORE, the Defendant prays that all evidence obtained as a result of the illegal arrest, search and seizure of GENE DALE GUERRERO at the property located at 11177 HWY 181 S., San Antonio, Texas, on August 27, 2007, be suppressed.

Respectfully submitted,

/S/ JAY MORITZ
LAW OFFICES OF JAY MORITZ
800 Dolorosa, Suite 117
San Antonio, Texas 78207
(210) 354-1212 (O)
(210) 228-0260 (FAX)
BAR NO. 24029737
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

U.S. Attorney's Office
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

/S/ JAY MORITZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA      §

VS.                           §      NO. **SA:07-CR-549(1)OLG**

GENE DALE GUERRERO            §

### ORDER GRANTING MOTION TO SUPPRESS EVIDENCE

On this day came on to be considered the Defendant's Motion to Suppress Evidence. Having considered the same, it is the opinion of this Court that the Motion is well taken and should be Granted.

IT IS THEREFORE ORDERED that all evidence shall be suppressed.

SIGNED AND ENTERED this the _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE