```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
                     SAN ANTONIO DIVISION
```

**UNITED STATES OF AMERICA**   *

    v.   * Criminal No. SA:07-CR-549(1)OLG

**GENE DALE GUERRERO**   *

    * * * * * * * * * *

### DEFENDANT'S AMENDED MOTION TO SUPPRESS EVIDENCE

The Defendant, GENE DALE GUERRERO, by his attorney, Jay Moritz, moves this Honorable Court, pursuant to Rule 41 and Rule 12 of the Federal Rules of Criminal Procedure, 18 USCS § 3501, and the Fourth Amendment of the United States Constitution, to enter an Order suppressing all evidence seized by law enforcement officials during the arrest of GENE DALE GUERRERO and the search incident to that arrest on August 27, 2007, from the property located at the 11177 Hwy 181 S., San Antonio, Texas. As grounds for this Motion, the following is asserted:

1. According to police reports, the Defendant, GENE DALE GUERRERO, was inside a building on property located at 11177 HWY 181 S., San Antonio, Texas on August 27, 2007.

2. The police reports state that law enforcement officers received information from a credible and reliable informant that the defendant was in possession of narcotics at the location. Officers raided the location on August 27, 2007. Officers gained access to the property by breaking down the front gate to the property and subsequently entered the building occupied by the defendant. The defendant was arrested and during the arrest the

defendant sustained injuries and required treatment at a local hospital.

3. During the search of the building officers allegedly found the defendant, narcotics and other alleged illegal items.

4. Police reports and the search warrant from the incident establish that the officers did not have a valid a search warrant to enter and search the property occupied by the defendant. The officers did not have an arrest warrant to arrest the defendant at the property. As the result of this illegal arrest, search and seizure, incriminating evidence was obtained against the Defendant.

## CONTENTIONS IN SUPPORT OF MOTION

Defendant, by and through his attorney, moves the Court for an order suppressing any and all evidence obtained by law enforcement officials or anyone acting on their behalf, whether affiliated with federal or state agencies, by means of the arrest, search and seizure of the Defendant, at the property located at 11177 HWY 181 S., San Antonio, Texas on August 27, 2007.

1. The arrest, search or searches were made without a valid warrant.

2. The arrest, search or searches were made without probable cause, or reasonable suspicion and without the consent or permission of any person authorized to give such consent or permission.

3. The officers were not acting in good faith when they searched the property located at 11177 HWY 181 S., San Antonio, Texas on August 27, 2007.

4. By reason of the above, such search or searches were in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

5. The initial arrest and seizure of the defendant was undertaken without a valid arrest warrant or valid search warrant and officers lacked probable cause or reasonable grounds to believe that the occupants of the property were committing, had committed or about to commit a crime, or that evidence of a crime was present on the property, or that the occupants were armed and dangerous. **Terry v. Ohio,** 392 U.S. 1(1968); **Illinois v. Gates,** 462 U.S. 648 (1983); **Michigan v. Long,** 463 U.S. 1032 (1983); **Delaware v. Prouse,** 440 U.S. 648 (1979). The Government cannot bear its burden of proving the arrest, searches and seizures which followed were justified by any recognized exception to the warrant requirements of the Fourth Amendment. **Collidge v. New Hampshire,** 403 U.S. 443 (1971).

6. Defendant requests this Court issue an order to suppress all evidence found on the property located at 11177 HWY 181 S., San Antonio, Texas, as the result of the officer's illegal search and seizure.

7. The Defendant did not give consent to Officers enter and search the property at 11177 HWY 181 S., San Antonio, Texas.

8. Any alleged consents to search were fruit of the prior illegal arrests and seizure of the Defendant and, therefore, were ineffective to justify the warrantless searches which followed. **Florida v. Royer,** 460 U.S. 491 (1983); **Wong Sun v. United States,** 371 U.S. 471, (1963).

9. The "plain view" doctrine is applicable because the incriminating character of anything the officers may claim to have seen was not immediately apparent before the officers had illegally entered the property. The officers were, by the time of any alleged "plain viewing", no longer in a place in which they had a right to be for plain view purposes. **Coolidge v. New Hampshire,** 403 U.S. 443 (1971); **Jones v. United States,** 391 A.2d 1188 (D.C. 1978).

10. The government cannot rely upon any other theory that the defendant's own conduct exposed incriminating evidence to the officers' view because any such conduct by the defendant was precipitated by the officers' own illegal seizures of the defendant, the building and its occupants and possessions. **Wong Sun v. United States,** 371 U.S. 471 (1963).

### THE ALLEGED SEARCH WARRANT FAILS TO COMPLY WITH FOURTH AMENDMENT REQUIREMENTS.

The Defendant asserts that the search warrant, Government's Exhibit #1, violates Defendant's constitutional rights under the Fourth Amendment. Officers used an invalid to procure authority to search the property located at 11177 HWY 181 S., San Antonio, Texas on August 27, 2007. The warrant was fatally defective and failed to comply with the procedures and safeguards of the Fourth Amendment of the United States Constitution in violation of the U.S. Constitution.

Officer Darren Phillips testified at a hearing on this Motion To Suppress before this Honorable Court on June 2, 2010. At that hearing Officer Phillips testified as to the particulars and

circumstances surrounding the issuance and execution of the search warrant. Officer Phillips testified that he was the officer in charge of preparing, acquiring and executing the search warrant in question at the location that is the subject of this motion. Officer Phillips testified that he prepared the warrant for the magistrate to sign. (See transcript page 12.) Officer Phillips testified that he has made mistakes before because he uses a computer shell of old warrants that he modifies to fit a specific case. (See transcript pages 12, 13.) Officer Phillips testified that he had made the mistake on the date of warrant and that he noticed the mistake and took it to the magistrate judge to correct the mistake before he executed the warrant. (See transcript page 13, 14.) This statement lacks merit and is not accurate. Based upon the notation on the warrant submitted as Government's Exhibit #1, a person or magistrate judge altered the warrant by noting that the warrant was issued and served on August 27, 2007. The person who altered the warrant had to have done the alteration after the search was conducted of the property occupied by the defendant.  A magistrate or person states on the warrant that it was issued and served on August 27, 2007. (See Government's Exhibit #1.) The magistrate uses the word "served".  This means that in order for a warrant to be served **the warrant had to be executed and a search was completed**. This alteration had to have been done after the arrest and search of the defendant. The warrant in Government's Exhibit #1, submitted to this Honorable Court has a notation on it that states the warrant was issued and served on a certain date by a sitting magistrate judge. A

magistrate judge would not have written on the warrant that it was issued and served unless he knew time it was actually executed. A magistrate as **a judicial officer would not willfully make a false statement of such a fact**.  Officer Phillips testified that the warrant was signed at 6:25 p.m. on August 27, 2007, and executed at 8:00 p.m. on August 27, 2007. (See transcript page 13.) Officer Phillips testified that the warrant date of August 27, 2006, was incorrect and that he thought he had it corrected before it was executed. (See transcript pages 13, 14.) This can not be correct if a magistrate actually did alter the warrant after it was served as stated on the warrant. Officer Phillips also testified that the alterations made to the warrant were by a magistrate judge and it is against San Antonio Police Policy and procedure to modify a warrant once it has been issued. (See transcript page 13.) The Government did not provide any testimony from any magistrate judge regarding the circumstances surrounding the alterations or modifications made to the search warrant. Officer Phillips testified that he could not even remember when and if he had presented the warrant to a magistrate judge to correct the date on the warrant. (See transcript page 14.)  Some how, some time, some person altered the search warrant to try to correct and remedy the invalidity of the warrant. During the hearing on the motion to suppress Officer Phillips was also questioned about alleged pictures taken during the search.  Officer Phillips was shown pictures of items allegedly taken during the search of the property at 11177 HWY 181 S., San Antonio, Texas on August 27, 2007. It was noted that the date on the pictures show that they

were taken on August 26, 2006. This date closely corresponded to the 2006 date on the search warrant. Officer Phillips verified that the pictures were the ones taken at the scene of the arrest. (See transcript page 15.)

## ARGUMENT

The defendant asserts that the search warrant is facially defective and the warrant fails to comply with the requirements of the Fourth Amendment of the United States Constitution. There is no factual dispute as to the contents of the warrant. The warrant signed by the original magistrate is dated one (1) year before the warrant is allegedly executed. The testimony of Officer Phillips establishes that the mistake on the date is a material mistake and Officer Phillips asserts the mistake was corrected before the warrant was served and executed. However the warrant on its face states otherwise. The correction, addition or alteration says the warrant was already served when modified. Officer Phillips could not have corrected the flaw in the warrant because he lacked the authority to execute the warrant. The date on the warrant made the warrant over one (1) year old. Officer Phillips testified that he has three days to execute a warrant. (See transcript page 10.) Officer Phillips testified that he saw the mistake and tried to correct it. (See transcript page 13) The warrant was invalid on its face. Officer Phillips could not more have supplemented the warrant verbally then he could have crossed out the terms approved by the magistrate judge and scribble new ones in the margins to make the warrant valid on its face. The only way Officer Phillips could have remedied the defect in the warrant was to ask a

magistrate to issue a corrected version. In this case is controlled by *U.S. v. McGrew* and as in that case the warrant fails to comply with the requirements of 4th Amendment. *U.S. v. McGrew*, 122 F3d 847 (9th Cir.)

The warrant is invalid and stale on its face. It was served and executed more than 1 year after it appears to be signed by a magistrate judge.

Article 18.07 of the Texas Rules of Criminal Procedure states that a magistrate **shall** endorse a warrant with the date and hour of issuance of the same. Article 18.06 of the Texas Rules of Criminal Procedure also provides that the warrant must be executed within 3 days of the time of its issuance. The warrant clearly on its face had no official force or effect. Officer Phillips should have had another warrant issued with the correct dates. "When a search warrant is not executed within the time period provided by Articles 18.06 and 18.07… it has no further official force or effect." *Green v. State*, 799 S.W.2d 756, 759(Tex.Crim.App.1990). The 4th Amendment states that the purpose of having the correct dates and times on search warrants is to protect persons from unreasonable searches and establish safeguards for society. This warrant on its face was invalid and did not give law enforcement the right to enter a persons property to conduct a search. The testimony of Officer Phillips establishes that this warrant was defective and that Officer Phillips tried to correct the defect. **As a law enforcement officer, Officer Phillips was empowered only to execute the warrant.** There is no way he could have supplemented the warrant or corrected the warrant. Officer Phillips knew the

warrant was defective and tried to correct the warrant afterwards.

Rule 41 of the Federal Rule of Criminal procedure requires that a warrant must be executed within the time specified in it, which may not exceed ten days. This warrant states on its face that it was signed by a magistrate judge over one (1) year before it was executed. The warrant was invalid under the Federal Rule of Criminal Procedure.

The invalid warrant deprived the defendant with the means to challenge the officers who were making the search of the property. "Citizens deserve the opportunity to calmly argue that agents are overstepping their authority or even targeting the wrong address. *U.S.v. Gantt*, 194 F3d 987,991(9th Cir.1999). The presence of a comprehensive and valid warrant "greatly reduces the perception of unlawful or intrusive police conduct, by assuring the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct.2317(1983).

The search pursuant to a warrant is invalid if no reasonable officer could have believed the warrant was invalid. *See U.S. v. Leon*, 468 U.S. 897, 922-23(1984).  What is reasonable for a particular officer depends on his role in the search. The officers who lead the team that executes a warrant are responsible for ensuring that they have lawful authority for their actions. A key aspect of this responsibility is making sure that they have a proper warrant that in fact authorizes the search and seizure they are about to conduct. The leaders of the expedition may not simply

assume that the warrant authorizes search and seizure. Rather, they must actually read the warrant and satisfy themselves that they understand its scope and limitations, **and that it is not defective in some obvious way**. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct.3405(1984). Officer Phillips testified that he prepared the warrant. See transcript page 12. Officer Phillips testified he debriefed the SWAT team and advised them of the details of the execution of the search warrant. (See transcript pages 8,9). Officer Phillips was in the lead vehicle during the execution of the search warrant. (See transcript pages 8,9). Officer Phillips was in charge of the execution of the arrest warrant. (See transcript pages 1,8,9). The evidence and testimony shows that Officer Phillips had a lead role in the execution of the search warrant and the responsibility of making sure that there was a valid warrant. As lead officer, Officer Phillips had a duty to read the warrant and make sure that there were no obvious defects. The defects in the search warrant were obvious to Officer Phillips and made the search warrant invalid. Officer Phillips was aware of the defects in the warrant and knew that the warrant was invalid but continued to conduct the search in violation of the defendant's 4th Amendment rights and Constitutional rights as a citizen to be free from unlawful searches and seizures.

### GOOD FAITH EXCEPTION DOES NOT APPLY

When a warrant is clearly stale on its face the good faith exception does not apply. *U.S. v. Hython* 443 F.3d480 (6th Cir.2006).

## CONCLUSION

The search warrant submitted by the Government as Government's Exhibit #1, is clearly invalid on its face. The date if issuance on the warrant is August 27, 2006, and the date of execution on the warrant is August 27, 2007. Officer Phillips acknowledged in his testimony that he knew about the incorrect date. It is unclear when Officer Phillips tried to have the search warrant altered or modified to correct the date. Based upon the writing on the face of the search warrant it appears that the warrant was altered or modified after it was served and executed.

What is clear from the evidence and testimony is that the warrant was facially invalid. It appears from the face of the warrant that the warrant was signed one year before it was executed. It is unknown what was the actual date the warrant was signed by the magistrate. There is no evidence or testimony to substantiate who actually modified or altered the search warrant. There is no testimony from any magistrate regarding the original signing of the warrant and the alteration or modification of the warrant. It is reasonable to assume that a reasonable officer or at least an officer in the lead role similar to Officer Phillips would see the warrant was invalid just by simply reading it and looking at the dates on the warrant. Officer Phillips stated that they only have three days to execute the warrant. The date of issuance is important and required to determine the three days needed to execute the warrant. Officer Phillips testified that mistakes are made all the time on search warrants and that they just go back and correct them. There were no exigent circumstance

stated in the warrant that it had to be executed immediately. Officer Phillips had a duty as law enforcement to get a new search warrant and execute the warrant properly. The purpose of granting a motion to suppress is to deter the unlawful activity of law enforcement. Officer Phillips testified that mistakes on warrants happen all the time. Officer Phillips disregarded procedures and requirements of the U.S. Constitution and continued the search, seizure and illegal arrest of the defendant. Officer Phillips willfully disregarded the requirements of 4th Amendment of the U.S. Constitution in violation the defendant's Constitutional rights. Officer Phillips should not be allowed to continue to disregard the constitutional rights of the defendant and other citizens.

Finally, no after the fact modifications or alterations on a search warrant can make a facially defective and invalid search warrant valid after it had been served and executed. **The violation of defendant's constitutional rights occurred when the warrant was allegedly served and executed.** Neither a police officer nor a magistrate can correct or modify a search warrant after it has been served and executed. For a police officer or magistrate judge to make any changes or modifications to a search warrant after it had been served and executed would put into question the integrity of the legal system and the judicial system.  The notation on the search warrant, Government's Exhibit #1, was apparently written on the search warrant after is was served and executed. Officer Phillips does not know if it was a day, month or year later. (See transcript page 14). The notation on the search warrant states,

"This warrant was issued and served on August 27, 2007." The notation on the search warrant was allegedly signed by a magistrate judge other than the original magistrate who had issued the search warrant. The modification and alteration to the search warrant is not a judicial finding that makes a facially defective and invalid search warrant now a valid search warrant. The modification does not change the unlawful character of the search warrant.

WHEREFORE, the Defendant prays that all evidence obtained as a result of the illegal arrest, search and seizure of GENE DALE GUERRERO at the property located at 11177 HWY 181 S., San Antonio, Texas, on August 27, 2007, be suppressed.

Respectfully submitted,

/S/ JAY MORITZ
LAW OFFICES OF JAY MORITZ
800 Dolorosa, Suite 117
San Antonio, Texas 78207
(210) 354-1212 (O)
(210) 228-0260 (FAX)
BAR NO. 24029737
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of July, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

U.S. Attorney's Office
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

/S/ JAY MORITZ

```
                 UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF TEXAS
                     SAN ANTONIO DIVISION
```

UNITED STATES OF AMERICA     §

VS.                          §    NO. **SA:07-CR-549(1)OLG**

GENE DALE GUERRERO           §

### ORDER GRANTING MOTION TO SUPPRESS EVIDENCE

On this day came on to be considered the Defendant's Motion to Suppress Evidence. Having considered the same, it is the opinion of this Court that the Motion is well taken and should be Granted.

IT IS THEREFORE ORDERED that all evidence shall be suppressed.

SIGNED AND ENTERED this the ____ day of _____, 2010.

                                    _____
                                    UNITED STATES DISTRICT JUDGE